# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

3:19-cv-437 DPJ-FKB

**CALVIN C. GRANT**                                                                   **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.**

**PENSION BENEFIT GUARANTY CORPORATION**                **DEFENDANTS**
**A U.S. GOVERNMENT CORPORATION created by the**
**Employee Retirement Income Security Act(ERISA) of 1974**
**JOHN DOE COMPANY OR AGENCY**
_____

### COMPLAINT AND INJUNCTIVE RELIEF

_____

**COMES NOW,** Plaintiff, Calvin Grant, by and through his attorney of record and files this lawsuit against Pension Benefit Guaranty Corporation,(PBGC) a division of the United States Government Employee Retirement Income Security Act (ERISA) of 1974.

PARTIES TO THE COMPLAINT

### JURSIDICTION AND EXHAUSTION OF STATE REMEDIES

(1) **TITLE I, ERISA ACT:** Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

**(2)** Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

As such, Plaintiff's retirement plan was through DELPHI HRLY-RATE EES PENSION PLAN Account Number PBGC1__6371, located in the Southern District as filed.

## PARTIES TO THE COMPLAINT

**(3)** Plaintiff is Calvin C. Grant, with his home address in Brandon, Mississippi.

**(4)** Defendant PENSION BENEFIT GUARANTY CORPORATION address is P.O. Box 151750, Alexandria, VA 22315-1750. Pursuant to F.R.C.P. (4(h)(A)(i) Serving the United States and its Agencies, Corporations, service of process may be administered through the (A)(i)Deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought. As such, The U.S. Attorney office is located at 501 E. Court Street Jackson, Mississippi 39201, 4th Floor.

**(5)** John Doe company or agency likely may be the agency that is in control of Pension Benefit Guaranty Corporation.

## FACTS

(1) For over 10 years Plaintiff has suffered a loss in income because PBGC failed to adhere to the court ordered child support order in the amount of $350 dollars per month, Plaintiff's **exhibit A,** which should have ended around the year of 2008. Instead, PBGC, even after

Plaintiff and his attorney of record made efforts to request that Defendants immediately cease the erroneous withdrawals from his pension and refund the same, plus interest back to Plaintiff, along with any documentation that are required for Plaintiff to change his beneficiary and cease medical and dental coverages, Defendants still would not respond to Plaintiff's demands.  Plaintiff further contend that pursuant to:

**2013 Mississippi CodeTitle 93 - DOMESTIC RELATIONSChapter 11 - ENFORCEMENT OF SUPPORT OF DEPENDENTS IN GENERAL§ 93-11-65 -**

Custody and support of minor children;

(8) (a) *<u>The duty of support of a child terminates upon the emancipation of the child</u>.*

Unless otherwise provided for in the underlying child support judgment, emancipation shall occur when the child:

*(i) Attains the age of twenty-one (21) years, or*
(ii) Marries, or
(iii) Joins the military and serves on a full-time basis, or
(iv) Is convicted of a felony and is sentenced to incarceration of two (2) or more years for committing such felony; or
(b) Unless otherwise provided for in the underlying child support judgment, the court may determine that emancipation has occurred and no other support obligation exists when the child:
(i) Discontinues full-time enrollment in school having attained the age of eighteen (18) years, unless the child is disabled, or
(ii) Voluntarily moves from the home of the custodial parent or guardian, establishes independent living arrangements, obtains full-time employment and discontinues educational endeavors prior to attaining the age of twenty-one (21) years, or
(iii) Cohabits with another person without the approval of the parent obligated to pay support; and
(c) The duty of support of a child who is incarcerated but not emancipated shall be suspended for the period of the child's incarceration.

Plaintiff avers that Defendants, through their negligence, and after Plaintiff has made several attempts to request the stop of the faulty withdrawals from his retirement, would not allow

Plaintiff to change his beneficiary on the required $100,000 life insurance policy.  Nor will Defendants allow Plaintiff to cease from paying for medical and dental insurance, thereby causing Plaintiff severe emotional, physical  and financial hardship.  Additionally, Plaintiff has attached to this lawsuit, the child's birth certificate, **exhibit B,** with redacted personal information and the May 2019 statement of benefits, **exhibit C,** (with redacted personal information) from Defendants.

## CAUSE OF ACTION

**(6).**  Plaintiffs' re-alleges all aforementioned paragraphs of this complaint.

 **(7)**  All Defendants' are liable to Plaintiff for  his nominal benefits, rights of his pension, future rights,   infliction of emotional distress, sleeplessness, bodily harm from the worry of the matter of this extended many of years, breach of fiduciary duties,  and financial hardship caused by the negligence of Defendants conduct.

## DAMAGES

**(8)**  Plaintiff repeats and re-alleges pages 1 through 4  of this complaint as set out here in full.

**(9)**  As a consequence of the foraging  wrongful conduct, negligence, by Defendants', Plaintiff has  suffered extremely crucial financial hardship, emotional distress, anger, sleeplessness, nominal benefits, rights, and future rights of his pension.

## PRAYER FOR RELIEF

**(10)** Plaintiff Calvin Grant, repeats and re-alleges pages 1 through 4 of this complaint as is set out here in full including INJUNCTIVE RELEIF that PBGC immediately cease the withdrawals of his 30 year old son from Plaintiff's retirement account.

**(11)  <u>Plaintiff request that the Court  issue the following relief:</u>**

A.   INJUNCTIVE RELEIF that PBGC immediately cease the withdrawals of his 30 year old son from Plaintiff's retirement account.

B.   Plaintiffs' attorney fees plus cost and interest including expenses of litigating this matter.

C.  Award Plaintiff any and all other equitable or remedial relief deemed appropriate by the court, and other relief deemed proper by this Court.

C.  Injunctive remedies and the monetary remedies of disgorgement and restitution pursuant to case law.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Calvin Grant respectfully prays that upon hearing of this matter by the court, Plaintiff respectfully demand judgment against all Defendants' in an amount for nominal benefits, rights of his pension, future rights,  infliction of emotional distress, sleeplessness, bodily harm from the worry of the matter of this extended many of years, breach of fiduciary duties,  and financial hardship caused by the negligence of Defendants conduct.

Additionally, any damages that this court's jurisdiction plus greater than (as it relates to punitive damages where allowed) the jurisdictional requirements of this court, altogether  with the costs and disbursement action, including attorneys fees, plus interest and any other relief which this honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED June 21, 2019**

By Plaintiffs':
CALVIN C. GRANT
**/s/Abby Robinson (MBN. 105157)**
ABBY ROBINSON LAW FIRM PLLC.
227 E. Pearl Street
JACKSON, MS 39201
PH. 601-321-9343
FAX. 601-487-6326
EMAIL: arobinsonlawfirm@yahoo.com